UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRAD DUPREE ALLEN,<br><br>       Plaintiff,<br>  v.<br><br>CORTEZ SUMMIT, et al.<br><br>       Defendants. | CASE No. 1:23-cv-01549-SAB<br><br>ORDER FINDING SERVICE OF FIRST AMENDED COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Jerrad Dupree Allen ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action against Defendants Bakersfield Police Department Officers Cortez Summit, Victor Coronado, and Dominic Ramirez.

Based on a review of the first amended complaint filed on July 8, 2024,[1] pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds Plaintiff's first amended complaint states cognizable claims for (1) excessive force in violation of the Fourth Amendment against Officer Summit and Officer Coronado, and (2) failure to provide objectively reasonable post-arrest medical care in violation of the Fourth Amendment against Officer Ramirez.[2]

---

[1] In its initial screening order, the Court noted Plaintiff's claims appear to be time-barred. (ECF No. 10.) In the FAC, Plaintiff alleges his claims are subject to the equitable tolling doctrine. (See, e.g., FAC at 16); see Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993) (holding "ordinarily equitable tolling is not properly resolved at the pleading stage"); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001) (analysis of equitable tolling "generally require[s] consideration of matters outside the pleadings").

[2] Plaintiff alleges Officer Ramirez violated Plaintiff's "due process of law under the Fourth Amendment of the United States Constitution regarding inadequate post-arrest medical care." (ECF No. 13 at 17.) While Plaintiff's reference to due process suggests the Fourteenth Amendment, Plaintiff alleges he was released from the hospital and

Accordingly, the Court ORDERS that:

1. This case proceed against Defendants Officer Summit and Officer Coronado for excessive force claims in violation of the Fourth Amendment, and Officer Dominic Ramirez for a failure to provide objectively reasonable post-arrest medical care in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983;

2. Service is appropriate for the following defendants:

> **Officer Cortez Summit**
>
> **Officer Victor Coronado**
>
> **Officer Dominic Ramirez**

3. The Clerk of the Court shall send Plaintiff three (3) USM-285 forms, three (3) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the first amended complaint (ECF No. 13);

4. **Within 30 days** from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents form and submit it to the Court with the following documents:

   a. a completed summons for each defendant named above;

   b. a completed USM-285 form for each defendant named above; and,

   c. four copies of the endorsed first amended complaint (ECF No. 13);

5. Plaintiff need not attempt service on the defendant and need not request waiver of service. Upon receipt of the above-named documents, the Court will direct the United States Marshall to serve the documents pursuant to Federal Rule of Civil Procedure 4 without payment

---

neither taken into custody nor booked into jail on the date of the incident. (FAC at 19, 22.) Because the Court must accept Plaintiff's allegations as true and Plaintiff effectively pleads he was not a pretrial detainee, the Fourth Amendment, not the Fourteenth Amendment, applies.  Espinoza v. California Highway Patrol, No. 1:16-CV-00193 DAD JLT, 2016 WL 4943960, at *3 (E.D. Cal. Sept. 16, 2016) ("The Fourth Amendment requires law enforcement officers to provide objectively reasonable post-arrest care to an arrestee") (citing Tatum v. City & Cnty. Of San Francisco, 441 F.3d 1090, 1098-99 (9th Cir. 2006)); Estate of Adomako v. City of Fremont, No. 17-6386 DMR, 2018 WL 587146, at *5 (N.D. Cal. Jan. 29, 2018) (noting that "the Ninth Circuit has not prescribed the contours of what constitutes objectively reasonable post-arrest care to a suspect"); Henriquez v. City of Bell, No. CV 14-196-GW(SSX), 2015 WL 13357606, at *6 (C.D. Cal. Apr. 16, 2015) (same). For screening purposes, Plaintiff's claim that Officer Ramirez, acting under color of state law, failed to provide objectively reasonable post-arrest care to Plaintiff, a non-pretrial detainee, by "imped[ing] the medical staff from completing their task and pressuring them to discharge [Plaintiff]," which the staff allegedly heeded although Plaintiff was not in the "right state of mind or condition to be discharged," shall proceed under the Fourth Amendment. (FAC at 21.)

1  of costs.

2  **Plaintiff is informed that failure to comply with this order will result in a
3  recommendation that this action be dismissed.**

4
5  IT IS SO ORDERED.

6  Dated:  **September 6, 2024**
                                            _____
7                                           UNITED STATES MAGISTRATE JUDGE