**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRAD DUPREE ALLEN,<br><br>            Plaintiff,<br><br>    v.<br><br>CORTEZ SUMMIT, et al.,<br><br>            Defendants. | No.  1:23-cv-01549-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 21) |

  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's motion for appointment of counsel, filed October 17, 2024.  (ECF No. 21.)  In seeking appointment of counsel, Plaintiff submits: (1) he is unable to afford counsel; (2) his imprisonment limits his ability to litigate the action; (3) he has limited access to the law library; (4) he has limited knowledge of the law; (5) a trial will likely involve conflicting testimony; and (6) he has made repeated efforts to obtain counsel.  Plaintiff specifically requests that the Court appoint attorney Seth O'Dell as counsel in this action.

  The Court shall deny Plaintiff's motion.  There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court commonly faces similar cases. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") Rather, the test is whether exception circumstances exist and here, they do not. Although the Court found that Plaintiff has stated cognizable claims to proceed with the action, at this early stage of the litigation, the Court cannot find Plaintiff is likely to succeed on the merits. In addition, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Finally, based on a review of the record, including Plaintiff's instant motion, the Court that Plaintiff is able to clearly articulate his claims and able to adequately litigate this action.

Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 21) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 18, 2024**

UNITED STATES MAGISTRATE JUDGE