# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRAD DUPREE ALLEN,<br><br>          Plaintiff,<br><br>     v.<br><br>CORTEZ SUMMIT, et al.,<br><br>          Defendants. | Case No. 1:23-cv-01549-SAB<br><br>ORDER DIRECTING DEFENDANTS TO NOTIFY COURT OF WHETHER THEY CONSENT TO DISMISSAL OF THIS ACTION OR INTEND TO PROCEED WITH SUMMARY JUDGMENT<br><br>ORDER DENYING REQUEST FOR A COURT ORDER REQUIRING COUNSEL FOR DEFENDANT TO PARTICIPATE IN A TELECONFERENCE<br><br>**OCTOBER 22, 2025 DEADLINE**<br><br>(ECF No. 39) |

Plaintiff Jerrad Dupree Allen, who is proceeding *pro se* and *in forma pauperis*, commenced this action on November 2, 2023. (ECF No. 1.) As relevant here, in December 2024, Defendants answered the operative complaint. (ECF No. 27.) Following the close of discovery, Defendants moved for summary judgment on September 16, 2025, which remains pending. (ECF No. 37.) On the date Plaintiff's opposition was due, Plaintiff filed a one-page motion for leave to amend. (ECF No. 39.)

Now before the Court, on October 14, 2025, Plaintiff filed a notice of voluntary dismissal seeking dismissal of this action without prejudice as well as a court-order requiring counsel for Defendants to attend a teleconference with Plaintiff to discuss the findings that led to "this conclusion/resolution." (ECF No. 40.)

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his

action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999), quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at 1078; see also Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).

Here, Defendants have filed an answer and a motion for summary judgment. (ECF Nos. 27, 37.) Therefore, Plaintiff may not at this juncture unilaterally dismiss this action without prejudice. That said, the Court will direct Defendants to file a notice of whether they consent to Plaintiff's request for a dismissal without prejudice, Fed. R. Civ. P. 41(a)(2), or whether they intend to proceed with summary judgment.

Regarding Plaintiff's request for a court order directing counsel for Defendants to participate in a teleconference to discuss the "resolution,"[1] the Court will deny the request. Plaintiff has offered no legal basis for the request, and the Court is unaware of any authority that would allow for such a court order.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants shall have through **October 22, 2025**, to file a notice of whether they consent to Plaintiff's request for a dismissal without prejudice or whether they intend to proceed with summary judgment; and

2. Plaintiff's request for a court order directing counsel for Defendants to participate in a teleconference is DENIED.

IT IS SO ORDERED.

Dated:   **October 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] The Court assumes Plaintiff means the argument and evidence provided in the motion for summary judgment.