# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRAD DUPREE ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CORTEZ SUMMIT, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01549-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND DENYING REMAINING MOTIONS AS MOOT<br><br>(ECF No. 46) |

Currently before the Court is Plaintiff's motion to reopen a closed case. On October 16, 2025, the Court directed the Clerk of Court to close the file in this case and adjust the docket to reflect the stipulated dismissal of this action pursuant to Rule 41(a). (ECF No. 43.) On October 30, 2025, Plaintiff filed a motion to reopen the case. (ECF No. 46.) Defendants filed an opposition on November 10, 2025. (ECF No. 47.) Plaintiff filed a reply on November 24, 2025. (ECF No. 51.) On December 2, 2025, Defendants filed their response. (ECF No. 53.)

## I.

## BACKGROUND

Plaintiff proceeding *pro se* and *in forma pauperis* filed this civil rights action on November 2, 2023. (ECF No. 1.) Plaintiff amended his complaint on July 8, 2024. (ECF No. 13.) Defendants filed their answer on December 18, 2024. (ECF No. 27.) On September 16, 2025, Defendants filed their motion for summary judgment. (ECF No. 37.) Plaintiff filed a motion to amend his complaint on October 1, 2025. (ECF No. 39.) On October 14, 2025, Plaintiff filed a

1 notice of voluntary dismissal.  (ECF No. 40.)

2     Upon receiving the notice of voluntary dismissal, the Court directed Defendants to indicate
3 whether they consented to the dismissal of the action or intended to proceed with summary
4 judgment.  (ECF No. 41.)  Defendants subsequently filed a notice of consent.  (ECF No. 42.)  In
5 light of the parties' stipulation, the Court ordered the Clerk of Court to close the case.  (ECF No.
6 43.)

7     On October 27, 2025, Plaintiff filed two letters requesting that the Court order the release
8 of information from the Department of Motor Vehicles and the Kern County Sheriff's Office.
9 (ECF Nos. 44-45.)  Three days later, Plaintiff filed a motion to reopen the case, asserting that there
10 had been an issue with his mail and that the notice of voluntary dismissal was dated a month prior
11 to the date it was received by the Court.  (ECF No. 46.)  Plaintiff further stated that he did not
12 intend to dismiss the case, contending that the dismissal was "premature" and that he wished to
13 withdraw his request for dismissal without prejudice due to "recently received information," as
14 well as "newly discovered information and information that has been refused to [him] due to his
15 continuous status as a pretrial detainee."  (Id.)  Plaintiff contends he contacted both this Court and
16 opposing counsel regarding this matter before the dismissal was filed.  (ECF No. 51.)  Defendants
17 filed their opposition on November 10, 2025.  (ECF No. 47.)  On November 12, 2025, Plaintiff
18 filed another motion to reopen the case, along with two motions requesting orders to release
19 information.  (ECF Nos. 48-50.)  Plaintiff filed his reply to Defendants' opposition on November
20 24, 2025.  (ECF No. 51.)  At the order of the Court, Defendants filed a response on December 2,
21 2025.  (ECF No. 53.)

## II.

## LEGAL STANDARD

24     Federal Rule of Civil Procedure 60(b) provides for extraordinary relief and may be invoked
25 only upon a showing of "exceptional circumstances."  Engleson v. Burlington N.R. Co., 972 F.2d
26 1038, 1044 (9th Cir. 1992).  The moving party bears the burden of demonstrating that a basis for
27 Rule 60(b) relief exists.  Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).  Rule 60(b)
28 permits a district court to exercise its discretion to relieve a party from a final order or judgment on

1  grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
2  evidence that, with reasonable diligence, could not have been discovered . . .; (3) fraud . . .
3  misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has
4  been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  To obtain
5  relief under Rule 60(b)(2), a movant must show that the newly discovered evidence: (1) existed at
6  the time of the trial or order; (2) could not have been discovered through due diligence; and (3)
7  was of such magnitude that production of it earlier would have been likely to change the
8  disposition of the case.  Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).

## III.

## DISCUSSION

First and foremost, this Court lacks jurisdiction over Plaintiff's motion to reopen the case. See Cozzitorto v. W. Pac. Hous., Inc., 2006 WL 8459994, at *1 (N.D. Cal. Aug. 2, 2006) (finding that the court lacked jurisdiction to reinstate plaintiff's case where the case was dismissed without prejudice); Williams v. Kings Cnty. Dist. Att'y Off., 2023 WL 4086445, at *1 (E.D. Cal. June 20, 2023) (denying plaintiff's request to reopen the case because voluntary dismissal "divest[ed] the court of jurisdiction").  The act of filing a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1) "closes the file." Duke Energy Trading & Mktg., LLC v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001).  At that point, "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." Id.  Voluntary dismissal has the "special, self-executing effect" of "leav[ing] the parties as though no action had been brought." United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145-46 (9th Cir. 2008) (quoting Davis, 267 F.3d at 1049).  Although Plaintiff informed the Court and opposing counsel that he wished to withdraw his voluntary notice of dismissal, a dismissal under Rule 41(a)(1) becomes effective upon filing.  Accordingly, because Plaintiff's notice of voluntary dismissal divested the Court of jurisdiction, the motion to reopen must be denied.

Secondly, even if this Court had jurisdiction, Plaintiff has not demonstrated that relief is warranted under Federal Rule of Civil Procedure 60(b).  Although the Court construes Plaintiff's

1  motion liberally as a *pro se* litigant, he merely asserts that his notice of voluntary dismissal was
2  premature due to "newly discovered information" allegedly withheld from him because of his
3  status as a pretrial detainee. (ECF No. 46, p. 6.) However, Plaintiff neither identifies what this
4  new information is nor explains how it justifies relief. This is insufficient under the applicable
5  standard. See Jones, 921 F.2d at 878; see also Gund v. Marion Cnty., 2025 WL 1069585, at *8 n.5
6  (finding that because plaintiff failed to articulate a cogent argument in support of granting relief,
7  her request was denied under Rule 60(b)(2)).

8  In his reply, Plaintiff elaborates on his earlier assertions and identifies three grounds for
9  relief under Rule 60(b)(1)-(3): (1) that his mail was tampered with; (2) that information concerning
10 his psychological and cognitive impairment at the time of the incident, as well as documentation
11 confirming that the vehicle he was driving rolled over, was withheld from him; and (3) that the
12 body worn camera footage concerning the incident was altered and his medical records were
13 falsified. (ECF No. 51, pp. 11-13.) Even with this elaboration, however, the Court finds
14 Plaintiff's claims remain conclusory and unsupported.

15 First, Plaintiff claims that he was surprised and had "no idea his mail would be
16 intentionally held for almost a month and maliciously processed to negatively affect his case." (Id.
17 at p. 11.) Plaintiff attaches grievances made concerning the law library and his incoming and
18 outgoing mail. (Id. at pp. 20-43.) These grievances, standing alone, do not establish that any mail
19 tampering occurred or that the institution maliciously processed his mail in a way that negatively
20 impacted his case. Several "Answers to Inmate Grievances" indicate that Plaintiff's mail was
21 either received by him or sent out by the institution. (See id. at pp. 27, 29, 31.) Moreover, the
22 record reflects that Plaintiff has filed numerous motions and requests throughout the course of this
23 litigation, undermining his claim that the alleged mail issues rise to the level of extraordinary
24 circumstances. See e.g., Barth v. Montejo, 2021 WL 4147050, at *2 (E.D. Cal. Sep. 13, 2021) ("It
25 does not appear that plaintiff is being prevented from sending mail as he was able to send the
26 instant motion."). Thus, Plaintiff has not demonstrated grounds for relief under Rule 60(b)(1).

27 Second, Plaintiff asserts that he recently obtained information regarding his psychological
28 and cognitive impairment at the time of the incident, along with documentation confirming that his

vehicle rolled over multiple times while he was driving. (ECF No. 51, pp. 11-12.) Plaintiff claims he was "barred" from receiving these materials to review for over two and a half years, despite his purported efforts to access them. (Id.) However, Plaintiff has not shown that the evidence relied upon constitutes "newly discovered evidence" within the meaning of Rule 60(b), that he exercised due diligence in attempting to discover it, or that the newly discovered evidence would have been likely to change the disposition of the case had it been discovered earlier. See Jones, 921 F.2d at 878. Furthermore, Defendants' counsel states that she received a packet of documents on April 23 and 24, 2025, which included a police report, audio files, body cam footage, photographs, transcripts, and videos from Plaintiff's criminal attorneys. (ECF No. 53, Heather Cohen Declaration, ¶ 1, Ex. A.) Counsel also declares that Plaintiff provided medical records from Kern County Hospital Authority and Kern Medical to opposing counsel on July 14, 2025. (Id. at ¶ 2.) Accordingly, Plaintiff has not shown that the evidence at issue constitutes newly discovered evidence or otherwise demonstrated the requisite grounds for relief under Rule 60(b)(2).

Lastly, Plaintiff claims that he is entitled to relief under Rule 60(b)(3). "To prevail on a Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the [order] was obtained through fraud, misrepresentation, or other misconduct . . ." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000). "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Id. (quoting In re M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987)). Here, Plaintiff claims the body worn camera footage was altered and his medical records were falsified. (ECF No. 51, pp. 12-13.) Plaintiff states that "[his] wounds were not tendered to, [his] ribs were broken, and [he] was not in [the] hospital from 0236hrs to 1016hrs." (Id. at p. 13.) Plaintiff, however, provides no further evidence or support to substantiate these allegations, nor does he claim that the order to close this case was obtained through such alleged fraud. As a result, Plaintiff has not presented evidence sufficient to justify relief under Rule 60(b)(3).

Having considered Plaintiff's claims under Rule 60(b)(1)-(3), the Court finds that Plaintiff has not demonstrated that relief is warranted. Accordingly, his motion to reopen the case is denied, and his motions concerning the release of information are denied as moot.

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to reopen the case is DENIED (ECF Nos. 46, 48); and

2. Plaintiff's remaining motions (ECF Nos. 44-45, 48-50) are DENIED as moot.

IT IS SO ORDERED.

Dated:   **December 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge